**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PATRICK WEATHERALL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 3:16-CV-1937-O |
| | § | (No. 3:10-CR-038-O-(05)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Patrick Weatherall ("Movant"), a federal prisoner, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering his Section 2255 motion (ECF No. 2) and the government's response (ECF No. 5), the Court concludes that the Section 2255 motion should be dismissed with prejudice as time-barred.

### Applicable Background

Movant pleaded guilty to conspiracy to distribute a controlled substance. *See United States v. Weatherall*, No. 3:10-cr-38-O-(05), ECF No. 168. His Presentence Report noted that he qualified as a career offender under United States Sentencing Guideline (U.S.S.G.) § 4B1.1. Nevertheless, that Section was not used to calculate his guideline sentence because it had no effect on his offense level. *See United States v. Weatherall*, No. 3:10-cr-38-O-(05), ECF Nos. 136 & 156. The Court adopted the Presentence Report and sentenced Movant to 300 months in prison with four years of supervised release. *See United States v. Weatherall*, No. 3:10-cr-38-O-(05), ECF No. 168.

Movant's direct appeal was dismissed on April 20, 2012, *see United States v. Weatherall*, No. 10-11161 (5th Cir. 2012), and he did not file a petition for a writ of certiorari. Movant later

moved for a sentence reduction pursuant to 18 U.S.C. § 3582. *See United States v. Weatherall*, No. 3:10-cr-38-O-(05), ECF No. 292. The Court denied the motion because Movant qualified as a career offender under U.S.S.G. § 4B1.1 and thus was not entitled to resentencing in light of Amendment 782. *See United States v. Weatherall*, No. 3:10-cr-38-O-(05), ECF No. 301.

Movant then filed this 28 U.S.C. § 2255 motion in June 2016. He claims that he no longer qualifies as a career offender under U.S.S.G. § 4B1.1 after *Johnson v. United States*, 135 S. Ct. 2551 (2015) and that his counsel was ineffective for failing to raise that and other arguments at sentencing. *See* ECF No. 2 at 7. The government responds that his Section 2255 motion is time-barred. *See* ECF No. 5 at 5-7. Movant did not file a reply.

**Statute of Limitations**

Movant's Section 2255 motion is time-barred. "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Movant's statute of limitations began to run when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Movant's conviction became final on July 19, 2012, when the ninety-day period for filing a certiorari petition expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant had one year from that date–or until July 19, 2013–to timely file his Section 2255 motion. His motion, filed in June 2016, is untimely.

Moreover, the government is correct that Section 2255(f)(3) does not apply here. Section 2255(f)(3) provides that the one-year statute of limitations begins to run on the date that the Supreme Court recognized the right on which the movant relies. *See* § 2255(f)(3). Although Movant cites *Johnson*, he does not rely on the narrow right that *Johnson* announced. *Johnson* held that the Armed Career Criminal Act's residual clause was unconstitutionally vague. 135 S. Ct. at 2563. And, because *"Johnson* affected the reach of [the Armed Career Criminal Act,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect" in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But Movant was not convicted under the Armed Career Criminal Act, and he does not challenge that statute here. Rather, he seeks to extend the narrow right announced in *Johnson* to challenge the conclusion that he is a career offender under U.S.S.G. § 4B1.1–a claim that the Supreme Court foreclosed in *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). *See also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Movant is thus attempting to rely on a right that the Supreme Court could have–but chose not to–recognize. *See*

*United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) ("*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause."). Therefore, any reliance on *Johnson* to trigger Section 2255(f)(3) here is misplaced. *See, e.g.*, *Johnson v. United States*, No. 3:16-cv-1603-D, 2017 WL 2348806, at * 1 (N.D. Tex. Apr. 13, 2017), *rec. adopted* 2017 WL 2335617 (N.D. Tex. May 30, 2017) (holding that *Johnson* did not trigger Section 2255(f)(3) for a claim that U.S.S.G. § 4B1.1 is void for vagueness); *see generally Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) (making plain that "*Beckles* decided that *Johnson 2015* does *not* apply to the *advisory* sentencing guidelines") (emphasis in original). Accordingly, Movant's Section 2255 motion is untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). To warrant equitable tolling, Movant must show that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion is time-barred.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary

hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

### Conclusion

This Section 2255 action is **DISMISSED** as time-barred.

**SO ORDERED** this **7th day** of **November, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE